FILED 178
Honorable James R. Strong State Representative, District 119 1006 Fairmont Boulevard Jefferson City, Missouri 65101
Dear Representative Strong:
This official opinion is issued in response to your request for a ruling on the following question:
 "The Boards of Education of school districts surrounding the Jefferson City Public School District have contracted with the Jefferson City Public School District to provide vocational educational services for high school students. Some of the students who reside in the contracting districts receive instruction in non-vocational subjects by attending a public school. Others receive such instruction by attending a nonpublic school. The question, therefore, is must the Board of Education of a contracting district pay the receiving school district the tuition fee for vocational education services, even if the student who is a resident of the contracting district also attends a nonpublic school for non-vocational education courses. The students involved are 16 years of age or older."
In Opinion No. 133 (Jasper), October 28, 1971, a copy of which is enclosed, we noted that all children between the ages of 6 and 20 years have a constitutional right to obtain a public education. The sole purpose for which school districts are organized is to discharge that constitutional mandate, and they have not only the authority but also the duty to educate all children residing within those boundaries. We concluded, therefore, that nonpublic school pupils who are over the age of 16 years are entitled, as a matter of right, to attend area vocational schools on a part-time basis. Your question is whether the school districts in which these pupils reside are obligated to pay their tuition if they choose to attend an area vocational school.
Section 178.510, RSMo 1969, provides as follows:
 "The board of education of the contracting district shall pay to the receiving school district or state institution of higher learning a tuition fee which shall include the per pupil cost from teachers, incidental, building and repairs for supplying the school services, less the per pupil share of any state or federal reimbursement or other state aid paid to the receiving school on account of the attendance of the pupils from the contracting district. In case of any disagreement as to the amount of the cost of the services either or both of the contracting parties may submit the facts to the state board of education and its decision in the matter shall be final. The receiving school shall report to the sending school the attendance of all pupils covered under the contracts and the attendance of the pupils shall be credited as provided by law for the apportionment of the state school moneys by the state board of education. If the sending school district transports pupils under the contract, there shall be apportioned from the state school moneys fund a transportation reimbursement as provided for in section 163.161, RSMo."
This section requires contracting districts to pay to the receiving district the tuition fee of "pupils from the contracting district."
All the children between 16 and 20 years of age have the constitutionally guaranteed right to receive a public education on a nondiscriminatory basis. State ex rel. Gaines v. Canada,305 U.S. 337, 83 L.Ed. 208, 59 S.Ct. 232 (1938); Brown v.Board of Education of Topeka, 347 U.S. 483, 98 L.Ed. 873,74 S.Ct. 686 (1954). If Section 178.510 were construed to obligate school districts to pay tuition to a public area vocational school only for those children between the ages of 16 and 20 who attend public school, and not for children of the same age who attend nonpublic school, such a construction would violate the equal protection clauses of the United States and Missouri Constitutions.Fourteenth Amendment, United States Constitution; ArticleI, Section 2, Missouri Constitution. We can find no rational basis, much less a compelling state interest, that would justify not paying the tuition to a public vocational school for a student between the ages of 16 and 20 solely because that student spends part of his school day at a nonpublic school.
Furthermore, to the extent that pupils attend nonpublic schools for religious reasons, such a construction might also contravene the free exercise of religion clauses of the United States and Missouri Constitutions. First Amendment, United States Constitution; Article I, Section 5, Missouri Constitution. If only public school pupils are permitted to attend public area vocational schools at public expense, then the State effectively punishes those pupils who attend nonpublic schools out of religious conviction by requiring them to pay for the free public education guaranteed all children by the Missouri Constitution. Again, we find no compelling state interest to justify such a burden on the exercise of religious freedom.
Finally, to construe Section 178.510 to require any resident school-aged pupil to pay tuition to attend a public school would violate Article IX, Section 1(a) of the Missouri Constitution, which requires the establishment and maintenance of ". . . free public schools for the gratuitous instruction of all persons in this state within the ages not in excess of 21 years. . ." Certainly, vocational education is as much a part of a public education in Missouri as the more conventional curriculum. If tuition were paid only for public school pupils, the effect would be to require nonpublic school children between 16 and 20 years of age to pay for the public education guaranteed by the Missouri Constitution.
Construing Section 178.510 to authorize school districts to pay the tuition fees to public area vocational schools for children between the ages of 16 and 20 who attend nonpublic schools does not violate the Missouri constitutional provisions providing for a separation of church and state. See Article IX, Sections 5 and 8, and Article I, Section 7, Missouri Constitution. The nonpublic school students would be attending a public area vocational school; therefore, their tuition fees would be paid by one public school district to another public school district.
CONCLUSION
It is the opinion of this office that contracting school districts are obligated to pay the tuition fee prescribed in Section 178.510, RSMo, for those nonpublic school pupils residing within their boundaries who are over the age of 16 years and who desire to attend area vocational schools on a part-time basis.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Karen M. Iverson.
Very truly yours,
 JOHN C. DANFORTH Attorney General
Enclosure: Op. No. 133 10-28-71, Jasper